IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROOSEVELT FINLEY, NATHAN WHITE, MORRIS GREATHOUSE, and DAVID GALLEW, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACT. NO.  3:15cv195-CSC (WO) |
| THE TOWN OF CAMP HILL, ALABAMA, a municipal corporation, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, the plaintiffs, Roosevelt Finley ("Finley"), Nathan

White ("White"), Morris Greathouse ("Greathouse"), and David Gallew ("Gallew"),

complain that defendant Town of Camp Hill ("Camp Hill"), wrongfully terminated them in

violation of state law and their rights to due process pursuant to the Fourteenth Amendment

to the United States Constitution.  The court has jurisdiction of the plaintiffs' federal claims

pursuant to  28 U.S.C. § 1331, and supplemental jurisdiction over their state law claims

pursuant to 28 U.S.C. § 1367.  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the

parties have consented to a United States Magistrate Judge conducting all proceedings in this

case and ordering the entry of final judgment.

On April 3, 2015, the defendant filed a partial motion to dismiss pursuant to

FED.R.CIV.P. 12(b)(6) asserting that counts II and III of the amended complaint should be

dismissed because these counts fail to state claims upon which relief may be granted. (Doc. # 12 & 13). Specifically, Camp Hill argues that the plaintiffs' state law wrongful termination claims are due to be dismissed because there is no state law tort of wrongful termination under Alabama law, and ALA CODE § 11-43-230 does not provide a private right of action for damages. Camp Hill further argues that the plaintiffs' federal procedural due process claims are due to be dismissed because the plaintiffs had an adequate *post*-deprivation remedy.[1]

On April 20, 2015, the plaintiffs filed a response to the defendant's motion to dismiss. *See* Doc. # 18. The defendant has filed a reply to the plaintiffs' response. *See* Doc. # 21. After careful review of the defendant's motion to dismiss, the plaintiffs' response to the motion and the defendant's reply, the court concludes that the motion to dismiss is due to be GRANTED in part and DENIED in part.

## II. THE STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept the plaintiffs' legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of the plaintiffs' pleadings, the court

---

[1] The plaintiffs also asserted a Fifth Amendment claim in the amended complaint, and a claim for punitive damages. In their response to the motion to dismiss, they concede that their Fifth Amendment claim and their claim for punitive damages are due to be dismissed. (Doc. # 18 at 11 & 13).

must indulge reasonable inferences in the plaintiffs' favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of the plaintiffs' allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.*  The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss.  *Id.* at 679.  The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.  DISCUSSION

### A.  State Law Wrongful Termination Claims

Camp Hill argues that the plaintiffs' claims for wrongful termination are due to be dismissed because there is no state law tort of wrongful termination.[2]  The defendant argues that "Alabama's courts have consistently refused to recognize any variation of a wrongful termination tort, whether rooted in the Alabama Constitution, common law, or public policy concerns."  (Doc. # 13 at 6).  However, Camp Hill ignores the fact that the plaintiffs are law enforcement officers which distinguishes this case from the run-of-the-mill employment case. Alabama law specifically grants the plaintiffs the right to a pre-termination hearing.  ALA. CODE § 11-43-230(a).[3]  ALA. CODE § 11-43-230(c) also requires that the hearing "be conducted by an impartial officer or body."  The plaintiffs allege in their amended complaint that they were terminated without affording them a pre-termination hearing, and that the post-

---

[2] In *Morrow v. Town of Littleville*, 576 So. 2d 210, 211 n.2 (Ala. 1991), the court noted that "[a] tort claim for wrongful termination of an employment contract has not been recognized in Alabama." 576 So. 2d at 211, n. 2.  However, the court held that the plaintiff's complaint was "sufficient to state a claim for breach of an employment contract."  *Id.* at 213.

[3] ALA. CODE § 11-43-230(a) provides in pertinent part as follows.

Every municipality *shall* provide a prediscipinary hearing prior to the suspension or termination of its law enforcement officers, provided nothing herein shall preclude a municipality from placing a law enforcement officer on leave with pay until the person or body holding the hearing has made its decision in the matter.

termination hearing was before a biased deliberative body. (Amended Compl. at 2, ¶ 4).

In *Hardric v. City of Stevenson*, 843 So. 2d 206, 210 (Ala. Civ. App. 2002), the court concluded that the plaintiff police officer's wrongful termination claim against the City survived the City's motion to dismiss.

> As to Hardic's claim of wrongful termination, we view this court's decision in *City of Gadsden v. Harbin*, 398 So. 2d 707 (Ala. Civ. App. 1981), as controlling. That decision held that a municipal employee may bring a wrongful-termination action. This court determined that "[t]he dismissal of a public employee who is entitled to a pretermination hearing, without such a hearing, is a wrongful act constituting a tort under Alabama law." *Harbin*, 398 So. 2d at 708. We conclude, therefore, that Hardric stated a valid claim of wrongful termination in his original complaint.

*Id*. (alteration in original).

Camp Hill also argues that the plaintiffs' damages claims are due to be dismissed because ALA CODE § 11-43-230(a) does not provide "a private right of action for money damages." (Doc. # 13 at 7). The plaintiffs concede that they are not entitled to punitive damages, but they seek equitable relief in the form of reinstatement and back pay which is permissible under Alabama law. *See City of Gadsden v. Harbin*, 398 So. 2d 707, 708 (Ala. Civ. App. 1981) ("The dismissal of a public employee who is entitled to a pre-termination hearing, without such a hearing, is a wrongful act constituting a tort under Alabama law and the dismissed employee's claim for reinstatement and back pay are tort claims subject to the one year statute of limitations set forth in [ALA. CODE] § 6-2-39.") If the plaintiffs are successful on their wrongful termination claims, equitable relief in the form of reinstatement and back pay until they receive adequate due process would be available to them. *See Fowler*

5

*v. Johnson*, 961 So. 2d 122, 134 (Ala. 2006) ("it could be argued that Fowler was entitled to back pay from the period between . . . the day after his employment was terminated . . . and . . . the date of the trial de novo in the circuit court.")

Because the plaintiffs allege that they were terminated without a pre-deprivation hearing, the court concludes that they have stated "a plausible claim for relief," and their state law claims of wrongful termination should not be dismissed. The defendant's motion to dismiss count II of the amended complaint is due to be denied.[4]

### B.  Due Process Claims

Camp Hill also asserts that the plaintiffs' Fourteenth Amendment due process claims are due to be dismissed because the plaintiffs have failed to state a claim upon which relief can be granted. Specifically, Camp Hill argues that because the plaintiffs have an adequate post-deprivation remedy, they cannot pursue due process claims in federal court.[5]

In their first amended complaint, the plaintiffs assert that they were terminated without a pre-deprivation hearing; Camp Hill conducted a post-deprivation hearing without giving them *any* notice of the charges against them; and the post-deprivation hearing was deficit and biased because the Mayor participated in the proceeding both as the complainant and as a

---

[4]  Although Camp Hill argues that plaintiffs Greathouse and Gallew are not covered under ALA CODE § 11-43-230(a) because they are part-time officers, it is disputed whether ALA CODE § 11-43-230(a) applies to them. Thus, this question is not properly resolved on a motion to dismiss.

[5]  To the extent that the defendant argues that the plaintiffs cannot proceed in federal court because Alabama provides an adequate remedy through its state courts, this argument is disingenuous in light of the fact that the plaintiffs attempted to avail themselves of the state court remedy only to have the defendant remove the case to federal court.

deliberative member of the hearing body.

Camp Hill contends that the Eleventh Circuit's decision in *McKinney v. Pate*, 20 F.3d 1550, 1553 (11th Cir. 1994) (*en banc*) mandates dismissal of the plaintiffs' due process claims.  Camp Hill's reliance on *McKinney* is misplaced.  In *McKinney*, the Court decided the issue of

> whether, under the Fourteenth Amendment, a government employee possessing a state-created property interest in his employment states a *substantive due process claim, rather than a procedural due process claim*, when he alleges that he was deprived of that employment interest by an arbitrary and capricious non-legislative government action.

*Id*. at 1553 (emphasis added).

In this case, the plaintiffs are not raising substantive due process claims but assert only procedural due process claims which may proceed under 42 U.S.C. § 1983.[6]  *Id*. at 1555.  Consequently, *McKinney* does not bar the plaintiffs from seeking review of their claims of their *procedural* due process claims.  The plaintiffs assert that they were deprived procedural due process because, as law enforcement officers, they were entitled to pre-deprivations hearings pursuant to ALA CODE § 11-43-230(a).

> It is axiomatic that, in general, the Constitution requires that the state provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life, liberty, or property.  More specifically, the Supreme Court has explained that a "tenured employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" before a state or state agency may

---

[6]  The court also notes that *McKinney* was decided on a motion for summary judgment, and the case at bar is before the court on a motion to dismiss.

terminate an employee. *Loudermill*, 470 U.S. at 546, 105, S.Ct. at 1495.  In other words, the employee is entitled to "some kind" of pre-termination hearing. *Id*. at 542, 105 S.Ct. at 1493.

*McKinney*, 20 F.3d at 1561.  *See also Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) ("It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim.").

Because the plaintiffs allege that they were terminated without a pre-deprivation hearing, the court concludes that they have stated "a plausible claim for relief," and their due process claims should not be dismissed.  Accordingly, the defendant's motion to dismiss Count III is due to be denied.

## C.  Policy and Practices Claim against Camp Hill

The plaintiffs sue the Town of Camp Hill, for the actions of the Mayor and City Council, in depriving them of due process "by policy, custom and practice established by the Defendant which violated constitutional and statutory law."  (Doc. # 1, Ex. 6 at 4). Specifically, the plaintiffs assert that the Mayor acted as the complainant to terminate the plaintiffs and then participated in the post-termination hearing deliberations.

While municipalities cannot be held vicariously liable under § 1983, "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).  In *Pembaur*, the Court specifically referenced the decision of the City Council to fire the plaintiff without a

8

pre-termination hearing in *Owen v. City of Independence, Mo.*, 445 U.S. 622 (1980) as an example of a single decision creating municipal liability. *Pembaur*, 475 U.S. at 480. If the plaintiffs are able to establish municipal liability, they would be entitled to recover damages on this claim. Accordingly, the court concludes that, at this juncture, the plaintiffs have stated "a plausible claim for relief," and the defendant's motion to dismiss this claim and the claim for damages is due to be denied.

## V. CONCLUSION

Accordingly, it is ORDERED and ADJUDGED as follows:

1.      That the defendant's motion to dismiss the plaintiffs' claim for punitive damages contained in Count II of the amended complaint be and is hereby GRANTED (doc. # 12). In all other respects, the defendant's motion to dismiss Count II of the amended complaint be and is hereby DENIED.

2.      That the defendant's motion to dismiss the plaintiffs' Fifth Amendment claim contained in Count III of the amended complaint be and is hereby GRANTED. In all other respects, the motion to dismiss Count III of the amended complaint be and is hereby DENIED. (Doc. # 12).

Done this 30th day of April, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE